# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RUSSELL BROWNING,** | ) | Civil Action No. 7:14cv00028 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **BOB MCDONNELL,** *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Russell Browning, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Bob McDonnell, the former Governor of Virginia, Harold Clarke, the Director of the Virginia Department of Corrections, and Leslie Fleming, the Warden of Keen Mountain Correctional Center. Browning alleges, generally, that the defendants violated his rights under the Free Exercise and Establishment Clauses of the First Amendment. Upon review of his complaint, I find that Browning has not stated a claim upon which relief may be granted and, therefore, will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Browning alleges that the defendants violated his constitutional rights through "enforcement" and "official support" of Article 1, Section 16 of the Constitution of Virginia.[1]

---

[1] Article 1, Section 16 of the Constitution of Virginia states:
> That religion or the duty which we owe to our Creator, and the manner of discharging it, can be directed only by reason and conviction, not by force or violence; and, therefore, all men are equally entitled to the free exercise of religion, according to the dictates of conscience; and that it is the mutual duty of all to practice Christian forbearance, love, and charity towards each other. No man shall be compelled to frequent or support any religious worship, place, or ministry whatsoever, nor shall be enforced, restrained, molested, or burthened in his body or goods, nor shall otherwise suffer on account of his religious opinions or belief; but all men shall be free to profess and by argument to maintain their opinions in matters of religion, and the same shall in nowise diminish, enlarge, or affect their civil capacities. And the General Assembly shall not prescribe any religious test whatever, or confer any peculiar privileges or advantages on any sect or denomination, or pass any law requiring or authorizing any religious society, or the people of any district within this Commonwealth, to levy on themselves or others, any tax for the erection or repair of any house of public worship, or for the support of any church or ministry; but it shall be left free to every person to select his religious instructor, and to make for his support such private contract as he shall please.

Browning argues that Section 16 "forc[es him] to worship against his conscience" and makes Christianity the "official state religion." Browning seeks $10 million in damages.

## II.

I must dismiss any action or claim filed by a prisoner against a governmental officer if I determine the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted). To state a claim for relief under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Browning's allegations of "enforcement" and "official support" by the defendants are far too vague and conclusory to state a cognizable constitutional claim against any of the defendants. Accordingly, I find that Browning has failed to state a constitutional claim upon which relief may be granted.

## III.

For the reasons stated, I will dismiss Browning's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 3rd day of April, 2014.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE